

Phillip E. Morton  
(703) 456-8668  
pmorton@cooley.com

VIA EMAIL

May 1, 2008

Martin Quinn, Esq.  
Discovery Special Master, JAMS  
Two Embarcadero Center, Suite 1500  
San Francisco, CA 94111

**Re: *RAKTL v. Aetna, et al.*, CDCA Case No. 2:07-ml-1816-RGK-FFMx**

Dear Special Master Quinn:

Pursuant to the expedited procedures in DSMO No. 3, I write on behalf of Plaintiff ("Katz") to compel the Aetna Defendants ("Aetna") to remedy several discovery deficiencies. Specifically, Aetna should be compelled to: (1) provide proper, non-evasive responses to Katz's First Set of Requests of Admissions ("RFAs"); (2) answer Interrogatory 25, which requests the basis for Aetna's denial of its RFAs, and supplement Interrogatory 24 beyond simply referring documents; and (3) provide Katz with a date for the remaining topics of Katz's March 12, 2007 Rule 30(b)(6) notice.  Further, given Aetna's failure to coordinate scheduling and provide reasonable notice of knowledgeable witnesses, Katz requests that Aetna pay for the reasonable expense of concluding Katz's Rule 30(b)(6) deposition.

**I.      Aetna Has Failed to Provide Good Faith Reponses to Katz's RFAs.**

Katz served Aetna with 16 RFAs seeking admissions that certain features were present in Aetna's accused systems.  As contemplated by the rules, these RFAs were designed to eliminate (or at least clarify) factual disputes and streamline proof at trial.  *See* Advisory Committee Notes (1970 Amendments) to Fed. R. of Civ. P. 36 (RFAs "facilitate proof with respect to issues that cannot be eliminated from the case, and . . . narrow the issues by eliminating those that can be").  Here, for example, the RFAs asked Aetna to, for example, admit that it was not Aetna's policy or practice "to issue the same prescription number to more that one person. . ." (RFA 10), and that Aetna's accused systems "include structure that provide verbal prompts and messages to callers."  (RFA 13).  Katz concurrently served Aetna with Interrogatory 25 that requested the basis for any denials.  *See* Exhibits A and B.

Aetna was required to "fairly respond to the substance" of the RFAs and to either admit, deny, or "state in detail why the answering party cannot truthfully admit or deny" each RFA.  Fed. R. Civ. P. 36(a)(4).  Aetna did not comply with these obligations.  Instead, for each RFA, Aetna restated the request in a way that fundamentally changed its substance, "admitted" to the reworded request, and then concluded with the blanket statement, "[o]therwise, the Aetna Defendants deny this request."  For example, in response to RFA 10 (which asked Aetna to admit that it did not issue the same prescription number to more than one person) Aetna "admitted" only that it was its practice "to abide by applicable state and federal statutes and regulatory requirements for the dispensing of drugs" and then "otherwise" denied the request.  No further explanation of Aetna's denial was provided.  Plainly, it is impossible to tell from Aetna's response whether it is admitting or denying the substance of the request – whether it was Aetna's practice to issue the same prescription number to more than one user.  Compounding this problem, in response to Interrogatory 25 asking for the basis of its denial,



Special Master Martin Quinn
May 1, 2008
Page Two

Aetna stated, in circular fashion, that the "grounds for Aetna Defendants' denial . . . are sufficiently set forth" in Aetna RFA responses.  *See* Aetna's responses at Exhibits C and D.

Aetna responses do not comply with the letter or spirit of Rule 36.  Aetna has not fairly responded to the substance of Katz's requests and Aetna's re-written "admissions" will not resolve issues of proof or streamline further proceedings.  After meeting and conferring, Aetna has informed Katz that it will not provide any further response to this discovery.  *See* Exhibits E and F.  Accordingly, Katz requests that Aetna be compelled to either admit, deny, or specifically explain why it cannot admit or deny the requests as written.  Aetna should further explain, either in its responses to the RFAs or Interrogatory 25, the basis for its denials, so that Katz may understand Aetna's position and prepare its proof accordingly.

## II.     Reference to Documents is not a Sufficient Response to Interrogatory No. 24

In Interrogatory No. 24, Katz requested Aetna to describe the relationship between Aetna and one of its vendors, PharmaCare," including "whether and how Aetna manages or otherwise exercises any control over any aspect of the Aetna Rx Home Delivery System" and "any benefit Aetna received from the operation" of this system.  This interrogatory was served to prepare for trial in the event that Aetna contests liability for the Aetna Rx Home Delivery system on a theory that this system is somehow outside Aetna's control or ownership.  Aetna sole response to this interrogatory was to cite to the contracts between Aetna and PharmaCare and its predecessors.

Aetna's response is inadequate and does not comply with Fed. R. Civ. P. 33.  Although the contracts do provide *some* information regarding Aetna's relationship with PharmaCare, the contracts do not, for example, explain how *in practice* Aetna has exercised management or control over this system, nor do they describe the benefits (i.e., convenience, enhanced reputation, income) that Aetna derives from the operation of this system.  Quite simply, Rule 33(b)(1) is not a free pass to avoid answering an interrogatory if some information can be gleaned from the documents.  After meeting and conferring, Aetna refuses to make any supplementation.  (Exhibits E and F.)  Accordingly, Katz requests that Aetna be ordered to supplement this interrogatory to explain, in detail, whether and how Aetna exercises any management or control over this system and what benefits it derives from this system.

## III.    Aetna Must Promptly and Reasonably Complete Katz's Rule 30(b)(6) Notice.

On March 12, 2008, Katz served a Rule 30(b)(6) notice on Aetna with 10 topics directed at technical issues regarding the accused systems.  See Exhibit G, the "March 12th Notice."  This deposition was noticed for March 26.  To date, and after countless meet-and-confer efforts, Aetna has proffered witnesses for only seven topics.  Aetna refuses to commit to any date, or even to commit that a witness will be proffered before the close of the discovery on the remaining topics.[1]  Aetna has not refused based on substantive concerns with these topics, nor has it moved for a protective order.  In fact, Aetna has given no explanation for its failure to provide a date other then generically citing to scheduling difficulties.  Given the

---

[1] Topics No. 3, 6, and 7.

ONE FREEDOM SQUARE, RESTON TOWN CENTER, 11951 FREEDOM DRIVE, RESTON, VA 20190-5656  T: (703) 456-8000  F: (703) 456-8100  WWW.COOLEY.COM



Special Master Martin Quinn
May 1, 2008
Page Three

impending close of discovery,[2] Aetna should be ordered to provide a date certain for a witness on the remaining topics and further ordered that, if multiple witnesses are needed, that the witnesses be proffered on the same day at the same location.

Finally, Katz requests that Aetna reimburse Katz's travel and court reporting fees and expenses for attending this deposition. As is set forth below, Aetna conduct regarding this notice has already substantially, and unreasonably, increased Katz's cost of taking this deposition. Briefly:

- On March 27, Aetna offered a witness on April 2 to cover topic 10 on the March 12 Notice. Aetna also proffered a second witness, Mr. Meehl, on April 2 to cover topics on a different notice regarding: Aetna Rx Home Delivery. Aetna stated that it had no other information regarding the March 12 Notice. See Exhibit H. Katz accepted the April 2 date.

- On March 31, Katz again asked Aetna for proposed dates for the March 12 Notice, noting that the request had been pending for over two weeks. Exhibit I.

- On April 1, the afternoon before Mr. Meehl's deposition, Aetna suddenly announced that Mr. Meehl was being proffered on five topics (three topics in their entirety and two partial topics) from the March 12 Notice. Because the attorney taking Mr. Meehl's deposition was already in route to Blue Bell, PA, and had not prepared for or brought exhibits for these topics, it was impossible for Katz to accept this proposal. As a result, Katz had to make a *second* trip to Blue Bell on April 15, to conclude Mr. Meehl's deposition. See Exhibit J.

- On April 18, Aetna agreed to provide another witness, Mr. Kanas, in Blue Bell on April 25 to cover one more topic and complete Mr. Meehl's testimony for two of the ten topics. (Exhibit K.) Katz thus made a *third* trip to Blue Bell. On the morning of April 18 and *after* Mr. Kanas' deposition had begun, Aetna disclosed, for the first time, that Mr. Kanas was also being proffered that day on yet another topic from the March 12 Notice. With zero advance notice, Katz was unable to complete examination on this topic. See Exhibit L.

Thus – assuming that Aetna proffers a witness – Katz will now need a *fourth* trip to Blue Bell. Katz respectfully submits that better care and diligence by Aetna in identifying knowledgeable witnesses would have substantially reduced the expense and inconvenience of taking this deposition. Accordingly, Aetna should be ordered to reimburse Katz the expense associated with traveling to Blue Bell a fourth time to conclude this deposition.

### III.   Conclusion

Discovery will close in two weeks. It is time for Aetna to fully and properly conclude discovery. Accordingly, Katz requests that Aetna answer RFAs Nos. 1-16 and Interrogatories 24-25 within five days of an order granting this motion and, further, that Aetna provide, on the same day and place, a witness on Katz's remaining Rule 30(b)(6) topics and that Aetna bear the costs of the deposition.

---

[2] Katz requests, if necessary, permission to take this deposition after the May 14, 2008 close of discovery.



Special Master Martin Quinn
May 1, 2008
Page Four

Sincerely,

Cooley Godward Kronish LLP

/s/ *Phillip E. Morton*

Phillip E. Morton

PEM:nk
Attachments

772970 v2/PA

ONE FREEDOM SQUARE, RESTON TOWN CENTER, 11951 FREEDOM DRIVE, RESTON, VA 20190-5656  T: (703) 456-8000  F: (703) 456-8100  WWW.COOLEY.COM