# Exhibit A

# Exhibit A

```
 1  COOLEY GODWARD KRONISH LLP
    Stephen C. Neal (Ca Bar No. 170085)
 2  (nealsc@cooley.com)
    Linda F. Callison (Ca Bar No. 167785)
 3  (callisonlf@cooley.com)
    Christen M.R. Dubois (Ca Bar No. 246170)
 4  (cdubois@cooley.com)
    Five Palo Alto Square
 5  3000 El Camino Real
    Palo Alto, CA 94306-2155
 6  Telephone:  (650) 843-5000
    Facsimile:   (650) 857-0663
 7
    Frank V. Pietrantonio (pro hac vice)
 8  (fpeitrantonio@cooley.com)
    Jonathan G. Graves (pro hac vice)
 9  (jgraves@cooley.com)
    One Freedom Square, Reston Town Center
10  11951 Freedom Drive
    Reston, VA 20190-5656
11  Telephone:  (703) 456-8000
    Facsimile:   (703) 456-8100
12
    Attorneys for Plaintiff
13  RONALD A. KATZ TECHNOLOGY LICENSING, L.P.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case No. 07-CV-02213-RGK (FFMx) |
| This document relates to: | Case No. 07-ML-1816-B-RGK (FFMx) |
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P.<br><br>Plaintiff,<br><br>v.<br><br>AETNA, INC., et al.,<br><br>Defendants. | **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO AETNA, INC. AND AETNA RX HOME DELIVERY, LLC** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent Litigation, CV-07-1816-B-RGK (FFMx)*
*Case No. CV 07-2213 RGK (FFMx)*

1.

KATZ'S FIRST SET OF REQUESTS FOR ADMISSIONS TO AETNA

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Ronald A. Katz Technology Licensing, LP ("Katz") hereby requests that Defendants Aetna, Inc., and Aetna Rx Home Delivery, LLC (collectively "Aetna") admit, separately and in writing under oath within 30 days of service hereof, the truth of each of the following matters of fact and/or the genuineness of the following described documents in accordance with the Definitions and Instructions set forth below.

I. **DEFINITIONS AND INSTRUCTIONS.**

1. "PERSON" means any natural person.

2. "ENTITY" means any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, companies, corporations, proprietorships, partnerships, joint ventures, common interest groups, joint interest groups, consortia, clubs, associations, foundations, endeavors, ventures, firms, concerns, organizations, institutes, enterprises, alliances, governmental agencies or instrumentalities, and societies.

3. "YOU," "YOUR" and "AETNA" refer to defendants Aetna, Inc., and Aetna Rx Home Delivery, LLC, as well as any and all past or present officers, directors, partners, employees, agents, representatives, attorneys, accountants, advisors, consultants, divisions, subsidiaries, parents, affiliates, successors-in-interest, predecessors, or other PERSONS or ENTITIES acting or purporting to act for, or on behalf of, AETNA.

4. "DOCUMENT" is used in its broadest sense, and is defined to be synonymous in meaning and equal in scope to the definitions in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

5. "COMMUNICATION" means any transmission of information from one PERSON or ENTITY to another by any means in the form of facts, ideas, inquiries or otherwise.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent Litigation, CV-07-1816-B-RGK (FFMx) Case No. CV 07-2213 RGK (FFMx)*   2.   KATZ'S FIRST SET OF REQUESTS FOR ADMISSIONS TO AETNA

6. "PATENT-IN-SUIT" or "PATENTS-IN-SUIT" refers to the patents asserted against YOU in this action, including those identified in the Complaint or in any amended Complaint.

7. "KATZ PATENT" refers to any patent with Ronald A. Katz or Ronald Katz listed as an inventor.

8. "ACCUSED SYSTEM" is defined as one or more of the following systems:

   a.   **Prescription Refill Systems.**

   Any system in existence from six years prior to the filing of this suit against You to the present by which Aetna customers can refill prescriptions with the assistance of interactive telephone technology.

   Based on current discovery, the prescription refill systems include: the prescription refill system implemented in 2006 that uses the Aetna Voice Advantage platform referenced in Mr. Davis' deposition (at pp. 28-29) including any prior versions of that system; the prescription refill system that may be operated by "PharmaCare" as referenced in Mr. Davis' deposition (p. 29), including any prior versions of that system whether or not a different vendor was used; and, to the extent not already captured, any interactive telephone prescription refill service that has operated under the "Aetna Rx Home Delivery" name.

   b.   **Member Service Systems.**

   Any system in existence from six years prior to the filing of this suit against You to the present that operates using the Aetna Voice Advantage platform (or any predecessor platform or IVR technology that offers at least some of the same functionality), in which a member customer can use interactive telephone services to assist with insurance claims, obtaining information on insurance benefits, coverage and eligibility and performing various other customer service tasks, such as, for example, checking claim status, requesting an ID card, updating customer information, changing providers and performing similar tasks. Beginning in 2002,

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent Litigation, CV-07-1816-B-RGK (FFMx)*
*Case No. CV 07-2213 RGK (FFMx)*   3.   KATZ'S FIRST SET OF REQUESTS FOR ADMISSIONS TO AETNA

these systems have been collectively referred to by Aetna as the "Aetna Voice Advantage" telephone self-service system.

### c.    Provider Service Systems.

The systems in existence from six years prior to the filing of this suit against You to the present that operate using the Aetna Voice Advantage platform (or any predecessor platform or IVR technology that offers at least some of the same functionality), in which a healthcare provider customer can use interactive telephone services to assist with insurance claims, obtaining information on insurance benefits, coverage and eligibility and performing various other tasks such as, for example, checking on claim status, obtaining a mailing address, and checking patient information and performing similar tasks. These systems are sometimes announced to callers as "Aetna's Dedicated Provider Service Center." Beginning in 2002, these systems have also been collectively referred to by Aetna as the "Aetna Voice Advantage" telephone self-service system.

### d.    Other Customer Service Systems.

Although we understand that such systems are already captured by the above definitions, to the extent they are not, the ACCUSED SYSTEMS include any interactive customer telephone services in existence six years prior to the filing of this suit against You to the present, which have operated under any of the following names: Aetna TRS, Aetna Vision Care Service Center, Aetna US Healthcare Customer Service, and Aetna National Dentist Line.

The Accused Services are associated with at least one or more of the following phone numbers:  800-548-8816, 800-843-3661, 800-325-6541, 877-238-6200, 800-323-9930, 800-837-0977, 877-864-4583, 800-445-8742, 800-309-2386, 800-624-0756, 888-632-3862, 212-457-0700, 800-367-3636, 800-537-9384, 800-793-8616, 800-992-7947, 800-451-7715, 866-612-3862, 800-555-4158 and 800-227-5720 and any alternate or other telephone numbers that access or have previously accessed the above systems or services.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent Litigation, CV-07-1816-B-RGK (FFMx)*
*Case No. CV 07-2213 RGK (FFMx)*     4.     KATZ'S FIRST SET OF REQUESTS FOR ADMISSIONS TO AETNA

9. The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these interrogatories information and DOCUMENTS which might otherwise be interpreted to be beyond their scope.

10. The use of the singular form of any word includes the plural, and use of the plural form includes the singular form.

## II.  ADMISSIONS.

**REQUEST FOR ADMISSION NO. 1:**

Admit that information related to the telephone number dialed by the caller is automatically provided to the ACCUSED SYSTEMS.

**REQUEST FOR ADMISSION NO. 2:**

Admit that information related to the telephone number the caller is calling from is automatically provided to the ACCUSED SYSTEMS.

**REQUEST FOR ADMISSION NO. 3:**

Admit that information related to the telephone number dialed by the caller is provided to the ACCUSED SYSTEMS by the public telephone network.

**REQUEST FOR ADMISSION NO. 4:**

Admit that information related to the telephone number the caller is calling from is provided to the ACCUSED SYSTEMS by the public telephone network.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Aetna Rx Home Delivery ACCUSED SYSTEM operating on the Aetna Voice Advantage platform is or has been accessible from more than one toll free telephone number.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the prescription numbers utilized by YOUR customers to refill prescriptions in the applicable ACCUSED SYSTEMS can be defined to permit only one refill.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent Litigation, CV-07-1816-B-RGK (FFMx) Case No. CV 07-2213 RGK (FFMx)*    5.    KATZ'S FIRST SET OF REQUESTS FOR ADMISSIONS TO AETNA

**REQUEST FOR ADMISSION NO. 7:**

Admit that, other than to correct errors, it is YOUR practice, policy, or procedure to not increase the number of refills specified for a prescription beyond the number of refills specified by the prescriber.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, other than to correct errors, it is YOUR practice, policy, or procedure to not change the expiration date specified for a prescription beyond the date specified by the prescriber.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, other than to correct errors, it is YOUR practice, policy, or procedure to not allow a customer to refill a prescription in the ACCUSED SYSTEMS more frequently than specified by the prescriber.

**REQUEST FOR ADMISSION NO. 10:**

Admit that it is not YOUR practice, policy, or procedure to issue the same prescription number to more than one person for use with each applicable ACCUSED SYSTEM.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, other than to correct errors, it is YOUR practice, policy, or procedure to not refresh or recharge prescription numbers that may be utilized with each applicable ACCUSED SYSTEM.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the ACCUSED SYSTEMS include structure that interfaces with the public telephone network.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the ACCUSED SYSTEMS include structure that provides verbal prompts and messages to callers.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent Litigation, CV-07-1816-B-RGK (FFMx)*
*Case No. CV 07-2213 RGK (FFMx)*   6.   KATZ'S FIRST SET OF REQUESTS FOR ADMISSIONS TO AETNA

1  **REQUEST FOR ADMISSION NO. 14:**

2  Admit that the ACCUSED SYSTEMS allow more than one caller to interact with
3  ACCUSED SYSTEMS simultaneously.

4  **REQUEST FOR ADMISSION NO. 15:**

5  Admit that callers are coupled to the ACCUSED SYSTEMS through at least the
6  public telephone network.

7  **REQUEST FOR ADMISSION NO. 16:**

8  Admit that the ACCUSED SYSTEMS include call distributors at multiple
9  geographic locations.

13  Dated: March 21, 2008

COOLEY GODWARD KRONISH LLP

By: /s/
CHRISTEN M.R. DUBOIS (CA Bar No. 246170)
Attorneys for Plaintiff
RONALD A. KATZ TECHNOLOGY LICENSING L.P.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent Litigation, CV-07-1816-B-RGK (FFMx)*
Case No. CV 07-2213 RGK (FFMx)

7.

KATZ'S FIRST SET OF REQUESTS FOR ADMISSIONS TO AETNA