# Exhibit B

# Exhibit B

1  COOLEY GODWARD KRONISH LLP
   Stephen C. Neal (Ca Bar No. 170085)
2  (nealsc@cooley.com)
   Linda F. Callison (Ca Bar No. 167785)
3  (callisonlf@cooley.com)
   Christen M.R. Dubois (Ca Bar No. 246170)
4  (cdubois@cooley.com)
   Five Palo Alto Square
5  3000 El Camino Real
   Palo Alto, CA  94306-2155
6  Telephone:   (650) 843-5000
   Facsimile:   (650) 857-0663
7

8  Frank V. Pietrantonio (pro hac vice)
   (fpeitrantonio@cooley.com)
9  Jonathan G. Graves (pro hac vice)
   (jgraves@cooley.com)
10 One Freedom Square, Reston Town Center
   11951 Freedom Drive
11 Reston, VA 20190-5656
   Telephone:   (703) 456-8000
12 Facsimile:   (703) 456-8100

13 Attorneys for Plaintiff
   RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

14                 UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16                        WESTERN DIVISION

| 17 In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case No. 07-CV-02213-RGK (FFMx) |
|---|---|
| 18 | |
| 19 This document relates to: | Case No.  07-ML-1816-B-RGK (FFMx) |
| 20 | |
| 21 RONALD A. KATZ TECHNOLOGY LICENSING, L.P. | **PLAINTIFF'S THIRD SET OF INTERROGATORIES TO AETNA, INC. AND AETNA RX HOME DELIVERY, LLC** |
| 22                Plaintiff, | |
| 23          v. | |
| 24 AETNA, INC., et al., | |
| 25                Defendants. | |

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent*
*Litigation, CV-07-1816-B-RGK (FFMx)*
*Case No. CV 07-2213 RGK (FFMx)*

1.

PLAINTIFF'S THIRD INTERROGATORIES
TO AETNA DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Ronald A. Katz Technology Licensing, L.P. ("PLAINTIFF") requests that Aetna, Inc., and Aetna Rx Home Delivery, LLC (collectively "AETNA") answer completely in writing and under oath within 30 days of service hereof each of the Interrogatories set forth below in accordance with the following Definitions and Instructions:

I.    **DEFINITIONS**

1.    "PERSON" means any natural person.

2.    "ENTITY" means any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, companies, corporations, proprietorships, partnerships, joint ventures, common interest groups, joint interest groups, consortia, clubs, associations, foundations, endeavors, ventures, firms, concerns, organizations, institutes, enterprises, alliances, governmental agencies or instrumentalities, and societies.

3.    "YOU," "YOUR" and "AETNA" refer to defendants Aetna, Inc., and Aetna Rx Home Delivery, LLC, as well as any and all past or present officers, directors, partners, employees, agents, representatives, attorneys, accountants, advisors, consultants, divisions, subsidiaries, parents, affiliates, successors-in-interest, predecessors, or other PERSONS or ENTITIES acting or purporting to act for, or on behalf of, AETNA.

4.    "DOCUMENT" is used in its broadest sense, and is defined to be synonymous in meaning and equal in scope to the definitions in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

5.    "COMMUNICATION" means any transmission of information from one PERSON or ENTITY to another by any means in the form of facts, ideas, inquiries or otherwise.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent
Litigation, CV-07-1816-B-RGK (FFMx)
Case No. CV 07-2213 RGK (FFMx)*

2.

PLAINTIFF'S THIRD INTERROGATORIES
TO AETNA DEFENDANTS

**6.**     "PATENT-IN-SUIT" or "PATENTS-IN-SUIT" refers to the patents asserted against YOU in this action, including those identified in the Complaint or in any amended Complaint.

**7.**     "KATZ PATENT" refers to any patent with Ronald A. Katz or Ronald Katz listed as an inventor.

**8.**     "ACCUSED SYSTEM" is defined as one or more of the following systems:

   **a.**     **Prescription Refill Systems.**

Any system in existence from six years prior to the filing of this suit against You to the present by which Aetna customers can refill prescriptions with the assistance of interactive telephone technology.

Based on current discovery, the prescription refill systems include:  the prescription refill system implemented in 2006 that uses the Aetna Voice Advantage platform referenced in Mr. Davis' deposition (at pp. 28-29) including any prior versions of that system; the prescription refill system that may be operated by "PharmaCare" as referenced in Mr. Davis' deposition (p. 29), including any prior versions of that system whether or not a different vendor was used; and, to the extent not already captured, any interactive telephone prescription refill service that has operated under the "Aetna Rx Home Delivery" name.

   **b.**     **Member Service Systems.**

Any system in existence from six years prior to the filing of this suit against You to the present that operates using the Aetna Voice Advantage platform (or any predecessor platform or IVR technology that offers at least some of the same functionality), in which a member customer can use interactive telephone services to assist with insurance claims, obtaining information on insurance benefits, coverage and eligibility and performing various other customer service tasks, such as, for example, checking claim status, requesting an ID card, updating customer information, changing providers and performing similar tasks.  Beginning in 2002,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent
Litigation, CV-07-1816-B-RGK (FFMx)
Case No. CV 07-2213 RGK (FFMx)*

3.

PLAINTIFF'S THIRD INTERROGATORIES
TO AETNA DEFENDANTS

1    these systems have been collectively referred to by Aetna as the "Aetna Voice
2    Advantage" telephone self-service system.

3            **c.       Provider Service Systems**.

4            The systems in existence from six years prior to the filing of this suit against
5    You to the present that operate using the Aetna Voice Advantage platform (or any
6    predecessor platform or IVR technology that offers at least some of the same
7    functionality), in which a healthcare provider customer can use interactive
8    telephone services to assist with insurance claims, obtaining information on
9    insurance benefits, coverage and eligibility and performing various other tasks such
10   as, for example, checking on claim status, obtaining a mailing address, and
11   checking patient information and performing similar tasks.   These systems are
12   sometimes announced to callers as "Aetna's Dedicated Provider Service Center."
13   Beginning in 2002, these systems have also been collectively referred to by Aetna
14   as the "Aetna Voice Advantage" telephone self-service system.

15           **d.       Other Customer Service Systems**.

16           Although we understand that such systems are already captured by the above
17   definitions, to the extent they are not, the ACCUSED SYSTEMS include any
18   interactive customer telephone services in existence six years prior to the filing of
19   this suit against You to the present, which have operated under any of the following
20   names:   Aetna TRS, Aetna Vision Care Service Center, Aetna US Healthcare
21   Customer Service, and Aetna National Dentist Line.

22           The Accused Services are associated with at least one or more of the
23   following phone numbers:  800-548-8816, 800-843-3661, 800-325-6541, 877-238-
24   6200, 800-323-9930, 800-837-0977, 877-864-4583, 800-445-8742, 800-309-2386,
25   800-624-0756, 888-632-3862, 212-457-0700, 800-367-3636, 800-537-9384, 800-
26   793-8616, 800-992-7947, 800-451-7715, 866-612-3862, 800-555-4158 and 800-
27   227-5720 and any alternate or other telephone numbers that access or have
28   previously accessed the above systems or services.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent
Litigation, CV-07-1816-B-RGK (FFMx)
Case No. CV 07-2213 RGK (FFMx)*                    4.                    PLAINTIFF'S THIRD INTERROGATORIES
                                                                              TO AETNA DEFENDANTS

**9.** The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these interrogatories information and DOCUMENTS which might otherwise be interpreted to be beyond their scope.

**10.** The use of the singular form of any word includes the plural, and use of the plural form includes the singular form.

## II. INSTRUCTIONS

**1.** YOU are to answer each Interrogatory set forth below separately and completely in writing under oath. YOUR answers hereto are to be signed and verified by the PERSON making them, and the objections signed by the attorney making them, as required by Federal Rule of Civil Procedure 33(b).

**2.** Each Interrogatory shall be answered fully unless it is objected to in good faith, in which event the reasons for YOUR objection shall be stated in detail. If an objection pertains to only a portion of an Interrogatory, or a word, phrase or clause contained within it, YOU are required to state YOUR objection to that portion only and to answer the remainder of the Interrogatory, using YOUR best efforts to do so.

**3.** If YOU or YOUR counsel assert that any information responsive to any Interrogatory is privileged or otherwise protected from discovery, YOU are to comply with the requirements of Federal Rule of Civil Procedure 26(b)(5) as to each DOCUMENT, thing, oral COMMUNICATION or piece of information for which a claim of privilege or protection from discovery is made. For any DOCUMENT or information withheld on the grounds that it is privileged or otherwise claimed to be excludable from discovery, identify the information or DOCUMENT, describe its subject matter and date, identify all authors and all recipients (including copied and blind copied recipients), and specify the basis for the claimed privilege or other grounds of exclusion.

**4.** If YOU answer any of the Interrogatories by reference to records from

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent
Litigation, CV-07-1816-B-RGK (FFMx)
Case No. CV 07-2213 RGK (FFMx)*

5.

PLAINTIFF'S THIRD INTERROGATORIES
TO AETNA DEFENDANTS

1  which the answer may be derived or ascertained, YOU are to comply with the
2  requirements of Federal Rule of Civil Procedure 33(d).   *See also* Advisory
3  Committee Notes to 1980 and 1993 Amendments to Rule 33.

4      **5.**   If any responsive DOCUMENT is no longer in existence, cannot be
5  located or is not in YOUR possession, custody or control, identify it, describe its
6  subject matter and describe its disposition, including, without limitation, identifying
7  the PERSON having knowledge of the disposition.

8      **6.**   If an Interrogatory is silent as to the time period for which information
9  is sought, YOUR answer should include all information known to YOU concerning
10 events that occurred, in whole or in part, at any time during the period of December
11 20, 1988 to the present.

12     **7.**   Whenever an interrogatory requires the identity of an PERSON, state to
13 the extent known his or her:

14         (a)   full name;
15         (b)   home and business addresses;
16         (c)   occupation, job title, or description;
17         (d)   present or last known employer;
18         (e)   if employed by YOU, the periods of time so employed, the
19 area(s) of responsibility during such times, the regular places of employment during
20 such times, and general duties during such times; and
21         (f)   occupations, employer's name and address, and job title at the
22 time of the event to which the interrogatory relates.

23     **8.**   Whenever an interrogatory requires the identity of an ENTITY or the
24 response to an interrogatory would require the identification of an ENTITY, the
25 ENTITY should be identified by giving:

26         (a)   its full name;
27         (b)   a brief description of the general nature of their business;
28         (c)   its state of incorporation;

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent
Litigation, CV-07-1816-B-RGK (FFMx)
Case No. CV 07-2213 RGK (FFMx)*

6.

PLAINTIFF'S THIRD INTERROGATORIES
TO AETNA DEFENDANTS

(d)    its address and principal place of business; and

(e)    the identity of its officers or other PERSONS having knowledge of the matter with respect to which the company has been identified.

9.    Whenever an interrogatory refers to or seeks a description of an act, transaction, occurrence, dealing, or instance, state to the extent known the date(s) (including month, day and year) when it occurred; the place where it occurred; the identity of each PERSON or ENTITY participating therein; on whose behalf each said PERSON or ENTITY participated or purported to participate; the nature, the subject matter, and the circumstances surrounding it; and the nature and substance of all conversations or oral COMMUNICATION occurring during or in connection with it.

10.    These Interrogatories are continuing in nature and YOUR answers to them are to be promptly supplemented or amended if, after the time of YOUR initial answers, YOU learn that any answer is or has become in some respect incomplete or incorrect, to the full extent provided for by Federal Rule of Civil Procedure 26(e).

## III.    INTERROGATORIES

### INTERROGATORY NO. 22:

For each person that AETNA expects to call and/or will call as a witness and/or expert witness at trial, identify each such witnesses' full name, current business and home address, occupation, all judicial, legislative and/or administrative proceedings (by date and name, including docket number where appropriate) in which the witness has given testimony either live, by deposition, or by affidavit, the circumstances and the subject matter of such testimony, the date, location and present custodian of any report or statement, in any form, prepared by the witness at AETNA'S request, or otherwise prepared in connection with the events

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent
Litigation, CV-07-1816-B-RGK (FFMx)
Case No. CV 07-2213 RGK (FFMx)*

7.

PLAINTIFF'S THIRD INTERROGATORIES
TO AETNA DEFENDANTS

that are the subject matter of this legislation, and the subject matter on which the witness is expected to testify at trial, including the substance of all facts and opinion testimony as to which the witness is expected to testify at trial and all exhibits upon which each such witness is expected to rely.

**INTERROGATORY NO. 23:**

Identify all documents or other evidence AETNA intends to introduce and/or will introduce at trial in support of any defense or counterclaim asserted by AETNA and/or the Defendants.

**INTERROGATORY NO. 24:**

Describe in detail the relationship between AETNA and PharmaCare, including whether and how AETNA manages or otherwise exercises any control over any aspect of the Aetna Rx Home Delivery system operated by PharmaCare and any benefit that AETNA receives from the operation of that Aetna Rx Home Delivery system.

**INTERROGATORY NO. 25:**

To the extent YOU have denied, in whole or in part, any Request for Admission served by Plaintiff, describe in detail the basis for YOUR denial.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

*In Re Katz Interactive Call Processing Patent
Litigation, CV-07-1816-B-RGK (FFMx)
Case No. CV 07-2213 RGK (FFMx)*

8.

PLAINTIFF'S THIRD INTERROGATORIES
TO AETNA DEFENDANTS

1    Dated: March 24, 2008        COOLEY GODWARD KRONISH LLP

2

3                                     By: _____

4                                   CHRISTEN M.R. DUBOIS (CA Bar No.

5                                   246170)

6                                   Attorneys for Plaintiff
                                  RONALD A. KATZ TECHNOLOGY

7                                   LICENSING L.P.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*In Re Katz Interactive Call Processing Patent*
*Litigation, CV-07-1816-B-RGK (FFMx)*
*Case No. CV 07-2213 RGK (FFMx)*
         9.          PLAINTIFF'S THIRD INTERROGATORIES
                                           TO AETNA DEFENDANTS