COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (170085)
(NEALSC@COOLEY.COM)
LINDA F. CALLISON (167785)
(CALLISONLF@COOLEY.COM)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

FRANK V. PIETRANTONIO (PRO HAC VICE)
(FPIETRANTONIO@COOLEY.COM)
JONATHAN G. GRAVES (PRO HAC VICE)
(JGRAVES@COOLEY.COM)
PHILLIP E. MORTON (PRO HAC VICE)
(PMORTON@COOLEY.COM)
One Freedom Square, Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

Attorneys for Plaintiff
Ronald A. Katz Technology Licensing, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Ronald A. Katz Technology Licensing, L.P., <br><br> Plaintiff, <br><br> v. <br><br> Aetna Inc., et al., <br><br> Defendant. <br><br> CV 07-2213 RGK (FFMx) | Case No. 07-ML-1816-B RGK (FFMx) <br><br> **OPPOSITION TO AETNA DEFENDANTS' OBJECTIONS TO THE DISCOVERY SPECIAL MASTER'S ORDER NO. 56 RE KATZ'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS** <br><br> **DISCOVERY MATTER** <br><br> Magistrate Judge Frederick F. Mumm |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos. 07-ML-1816-B RGK (FFMx) and CV 07-2213 RGK (FFMx)         1.         OPPOSITION TO AETNA DEFENDANTS' OBJECTIONS TO DSMO NO. 56

## I. Introduction

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz") hereby respectfully opposes the Objections of Defendants Aetna Inc. and Aetna Rx Home Delivery LLC (collectively, "Aetna") to Discovery Special Master's Order No. 56. The relief granted in Special Master Quinn's Order No. 56 was fully justified and Aetna's Objections to the Order are frivolous and an unnecessary waste of the Court's time.

## II. Aetna's Objections Are Without Merit

Aetna's objections are frivolous. After briefing and argument, Special Master Quinn properly concluded that Aetna had not only failed to discharge basic discovery obligations, but was continuing in a pattern of discovery misconduct that was unnecessarily increasing motion practice. Tacitly conceding the propriety of the Order, Aetna subsequently supplemented its discovery and, indeed did so <u>before</u> filing its Objections to DSMO No. 56 (and two days later than the deadline set by Special Master Quinn[1]).

Aetna, without citing any legal authority, now requests the remarkable remedy that it be permitted to belatedly withdraw its supplemental written

---

[1] Aetna was ordered by Special Master Quinn to provide supplemental responses no later than May 19, 2008. *See* D.I. 233 at 4. On May 19, without consulting with Katz first, Aetna sent an ex parte request via e-mail to Special Master Quinn requesting an extension of time to provide supplemental responses and to pay the allowed attorneys' fees. *See* Ex. A at 2. Special Master Quinn granted Aetna's request with respect to the allowed fees, but denied Aetna's request regarding the supplemental responses. *Id*. Aetna did not serve the responses as ordered on May 19. On May 20, Katz sent a letter to Aetna inquiring about the court ordered responses. *See* Ex. A at 1. Aetna's counsel then informed Katz that it was tardy in providing the responses due to a "docketing error" and Katz's counsel agreed to allow the responses to be served on May 21. *See* Decl. of Phillip E. Morton at ¶ 2. Aetna's counsel did not reveal that it was objecting to DSMO No. 56 and expressed no reservations about providing the supplemental responses before it finally did so on May 21, one day before filing its objections to DSMO No. 56. *See* Decl. of Phillip E. Morton at ¶ 2 and Ex. E.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos. 07-ML-1816-B RGK (FFMx) and
CV 07-2213 RGK (FFMx)

2.

**OPPOSITION TO AETNA DEFENDANTS' OBJECTIONS TO DSMO NO. 56**

discovery responses, responses that at least provided Katz with some additional discovery beyond what was provided in Aetna's original responses that were found by the Special Master to be "beyond inadequate." D.I. 233 at 4. Further, most of the discovery defects that Aetna raises in current papers are objections that Aetna did not even include in its responses to Katz's original discovery and thus are waived. If Aetna considered the discovery requests truly objectionable, Aetna would have timely interposed its objections to the original discovery and, at a minimum, would have filed its Objections to DSMO No. 56 before serving the supplemental discovery ordered by Special Master Quinn. Aetna's inconsistent and belated Objections appear to be nothing more then Aetna's latest effort to delay and drive up Katz's costs for this litigation.

**III. Special Master Quinn's Sanction Order Was Based on Aetna's On-Going Discovery Misconduct and Was Fully Warranted**

Aetna complains that Special Master Quinn erred by awarding sanctions for Aetna's discovery misconduct. Aetna's primary argument is that it was allegedly justified in opposing Katz's Requests for Admission (RFAs) and Interrogatories. Wholly aside from the fact that Aetna's objections were not proper, Aetna misreads the Special Master's Order. While Special Master Quinn did sanction[2] Aetna for its misconduct as it relates to the RFAs and Interrogatory responses at issue in its Objections, Special Master Quinn made clear that he was <u>also</u> sanctioning Aetna for its conduct in scheduling 30(b)(6) depositions and for its on-going pattern and practice of discovery misconduct throughout this litigation. D.I. 233 at 3-4. Aetna fails to explain in its Objections that DSMO No. 56 constituted the <u>second time</u>[3]

---

[2] Special Master Quinn ordered Aetna to pay 100% of the Special Master's costs to hear and decide the motion and, as an additional sanction for discovery misconduct, he ordered Aetna to pay Katz's reasonable costs to prepare and argue the motion. D.I. 233 at 4. Katz submitted costs of $6614 to prepare and argue the motion, of which Special Master Quinn allowed $3800. *See* Ex. A at 3.

[3] To the best of Katz's knowledge, Aetna is the only party to be sanctioned twice by

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos. 07-ML-1816-B RGK (FFMx) and
CV 07-2213 RGK (FFMx)

3.

OPPOSITION TO AETNA DEFENDANTS'
OBJECTIONS TO DSMO NO. 56

that Special Master Quinn has sanctioned Aetna for discovery misconduct. Previously, in DSMO No. 35, as a sanction for discovery misconduct, Aetna was ordered to pay 100% of Special Master Quinn's costs in deciding Katz's Motion to Compel because "Aetna's . . . responses were non-complaint with the DCMO and the Federal Rules" and "Aetna failed to cooperate reasonably with Katz in meet and confer sessions both to provide the requested discovery in a reasonable form and to avoid the need for [the] motion." D.I. 169 at 3. In sanctioning Aetna a second time in Order No. 56, Special Master Quinn specifically found that "Aetna's discovery responses and lack of diligence in meet-and-confer efforts had been improper . . . . Neither Aetna nor its counsel appear to have gotten the message from Discovery Order No. 35." D.I. 233 at 3. Special Master Quinn explained that Aetna's actions appeared to be "designed to hide the ball" and "to increase expense and delay." D.I. 233 at 4.

In an attempt to muddy the waters and evade Special Master Quinn's limited sanction order (sanctions that are a fraction of the costs that will be expended opposing these Objections), Aetna chooses to engage in ad hominem attacks on Katz's counsel and what Aetna purports to be deficiencies in the meet and confer process. Aetna's complaints appear to be largely centered on its contention that, at the meet and confer, Katz would not somehow "define" an Interrogatory that was (and as Special Master Quinn correctly found) clearly and plainly written and which Aetna could easily answer with a narrative response.[4]   Decl. of Phillip E.

---

Special Master Quinn for discovery misconduct.

[4] Aetna complains in footnote 1 of its Objections that no transcript of the hearing with Special Master Quinn is available. While Katz regrets that there was a misunderstanding about the scheduling of the court reporter, Aetna alleges no prejudice resulting from the lack of a transcript and neither party nor the Special Master raised any concerns or objections during the hearing. Therefore, the absence of the transcript constitutes harmless error. Katz further notes for the record that Katz did not "violate" the Court's August 28, 2007 Order because the Order does not assign the burden to any specific party to ensure that a qualified

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos.  07-ML-1816-B RGK (FFMx) and
CV 07-2213 RGK (FFMx)                         4.                         OPPOSITION TO AETNA DEFENDANTS'
                                                                         OBJECTIONS TO DSMO NO. 56

1  Morton, at ¶ 3; D.I. 233 at 3.  The Court should reject Aetna's argument.  Katz met
2  and conferred in good faith with Aetna for approximately half an hour in an attempt
3  to resolve the differences between the parties on these issues and to understand
4  Aetna's purported confusion over a basic interrogatory.  Decl. of Phillip E. Morton,
5  at ¶ 3.  Katz deemed the meet and confer concluded only after it became apparent
6  that there was a irresolvable difference regarding whether terms used in the
7  Interrogatory, such as "benefit," were clear enough to enable Aetna to formulate a
8  response.  *Id.*

**IV.  Special Master Quinn's Order Compelling Written Discovery Was Proper**

**A.  Aetna Waived Its Objections By Not Timely Asserting Them In Its Original Responses**

Incredibly, Aetna asks this Court to allow it to withdraw ***all*** of its supplemental responses to Katz's Requests for Admission, yet Aetna raises specific concerns about only four of the sixteen Requests for Admission in its Objections. For these four, Aetna argues that they improperly seek legal conclusions.  Tellingly, however, Aetna only raised this objection to a single RFA when serving its initial deficient answers to Katz's RFAs.  *See, e.g.*, Ex. B at 9 (Aetna only objected RFA No. 16 as "improperly seeking an admission of a legal conclusion as to patent claim interpretation").  Only after being challenged for their deficient answers does Aetna now try to object to RFA Nos. 1, 12 and 13 as purportedly seeking legal conclusions.

Aetna's failure to pose timely objections to any RFA other than RFA No. 16 constitutes a waiver of its objection.  *See, e.g., Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 423 (N.D. W. Va. 2006) (finding that although Rule 36 does not contain a waiver provision, "there are strong indications such a

---

court reporter is present.  *See* MDL D.I. 180 at 3.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos.  07-ML-1816-B RGK (FFMx) and
CV 07-2213 RGK (FFMx)                                 5.              OPPOSITION TO AETNA DEFENDANTS'
                                                                         OBJECTIONS TO DSMO NO. 56

requirement should be implied"); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, Civ. A. No. 88-9752, 1992 WL 394425, *4 (E.D. Pa. Dec. 28, 1992) (objection to request for admission waived when answering party failed to assert objection in initial responses). Because Aetna did not timely assert an objection that the Requests for Admission (other than RFA No. 16) requested legal conclusions, Aetna has waived this objection.

Notwithstanding Aetna's waived objections, Aetna grossly distorts the RFAs in an attempt to transform them into requests to admit legal conclusions. As the Special Master recognized, "every [request for admission] deals entirely with real-world facts and evidence . . . . [n]one asks for anything remotely approaching a legal conclusion." D.I. 233 at 3. For example, RFA No. 16 asks Aetna to admit "that the Accused Systems include call distributors at multiple geographic locations." *See* Ex. B at 9. Contrary to Aetna's claims, RFA No. 16 is not asking Aetna to "admit legal conclusions regarding the meaning of [claim] terms," it is asking Aetna to admit whether *Aetna's accused systems* have certain commonly understood components in a particular configuration. The fact that such a factual inquiry may bear on Aetna's infringement of an asserted claim is not an appropriate reason to refuse to answer a request for admission. Requests for admission are clearly permitted "to seek the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). Here, Katz's requests for admission were inquiring into real world facts about Aetna's accused systems and Katz had to phrase them with real world terminology. The fact that some words in the RFAs are similar to words in the claims is of no moment because the RFAs are not admissions of infringement, but admissions of fact.

Aetna's argument that many of the claim terms allegedly at issue in the RFAs are "disputed, in some instances, hotly" is equally frivolous. *See* Aetna's Objections at 3-5. In response to an earlier served interrogatory regarding Aetna's

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos. 07-ML-1816-B RGK (FFMx) and
CV 07-2213 RGK (FFMx)        6.        OPPOSITION TO AETNA DEFENDANTS'
                                       OBJECTIONS TO DSMO NO. 56

non-infringement claims, Aetna never revealed that it disputes infringement of any of the claim limitations that Aetna now claims are "hotly" disputed.[5] Again, Aetna's objection here appears to be simply another newly invented objection that it failed to timely assert in its original responses.

### B. Aetna Waived Its Objection that Interrogatory 25 Constitutes Multiple Subparts

Special Master Quinn did not err by ordering Aetna to answer Interrogatory No. 25 to explain its basis for any denial of any Request for Admission. As Special Master Quinn stated, such an interrogatory is "common and wholly proper," and was necessary to make Aetna's responses to the RFAs meaningful. DSMO No. 56 at 2. It is particularly appropriate in the circumstances here, where Aetna's responses to Katz's requests for admission were evasive and not well grounded. As Special Master Quinn discussed in his Order, "[i]nstead of admitting or denying the requests as phrased, Aetna reworded the fairly precise requests into much vaguer statements that it then admitted – and otherwise denied the request."[6] DSMO No.

---

[5] See Ex. C at 9-10 (for '309 claim 51 (dependent on claim 46) Aetna does not dispute infringement of "interface structure" or "voice generator structure . . . to provide vocal operating instructions"), 10 (for '285 claim 19 (independent claim of dependent claim 71) Aetna does not dispute infringement of DNIS "automatically provided"), 12-13 (for '863 claim 31 Aetna does not dispute infringement of "interface structure" or called number identification signals (DNIS) "automatically provided"; for '863 claim 43 Aetna does not dispute infringement of "call distributors at multiple geographic locations"), and 15 (for '120 claim 57, Aetna does not dispute infringement of dialed-number identification signals "provided automatically").

[6] One example is Request for Admission No. 10: "Admit that it is not Your practice, policy or procedure to issue the same prescription number to more than one person for use with each applicable Accused System." Aetna's original response was: "Subject to the General Objections . . . the Aetna Defendants admit that it is their practice to abide by applicable state and federal statutes and regulatory requirements for the dispensing of drugs. Otherwise, the Aetna Defendants deny this request." Ex. B at 7. Aetna provided identical, non-substantive responses to RFA Nos. 7-9, 11. See id. at 6-8.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos. 07-ML-1816-B RGK (FFMx) and
CV 07-2213 RGK (FFMx)    7.    OPPOSITION TO AETNA DEFENDANTS'
OBJECTIONS TO DSMO NO. 56

56 at 2.

In any event, Aetna waived its objection that Interrogatory 25 constitutes multiple subparts because, once again, Aetna did not timely assert the objection in its original responses. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409-410 (C.D. Cal. 2005) ("the court will not consider any objections that were not asserted in the responding party's original discovery responses"); *IMA North America, Inc. v. Marlyn Nutraceuticals, Inc.*, No. CV-06-0344-PHX-LOA, 2007 WL 2391099, *3 (D. Ariz. Aug. 20, 2007) ("Courts have specifically held that if there is a violation of the 25 interrogatory limit in Rule 33(a), 'the responding party must object (to the Court) to the number of interrogatories before responding in order to rely on this rule.'"). Here, Aetna made no objection that Interrogatory 25 or any of the other interrogatories in Katz's Third Set of Interrogatories was compound or constituted multiple subparts.[7] Therefore, since Aetna did not clearly and specifically object to Interrogatory No. 25 as compound or constituting multiple subparts as part of its original responses to the Third Set of Interrogatories, Aetna's objection is waived.

**C.     Aetna's Objections to Katz's Interrogatory 24 are Unnecessary and Unfounded**

Since Aetna has supplied a supplemental answer to Interrogatory No. 24 that provides information that was not included in the documents cited pursuant to Fed.

---

[7] Indeed, the only remotely related objection was Aetna's General Objection No. 5, which states: "The Aetna Defendants object to the [Third Set of] Interrogatories because, together with the multiple subparts of RAKTL's First Set of Interrogatories, they comprise more than the twenty-five interrogatories per Defendant permitted under paragraph VIII.B of the DCMO." *See* Ex. D at 4. This objection was simply an extension of its objection that certain interrogatories in Katz's First Set of Interrogatories included multiple subparts (which are not at issue here).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos.  07-ML-1816-B RGK (FFMx) and
CV 07-2213 RGK (FFMx)                        8.        OPPOSITION TO AETNA DEFENDANTS'
                                                       OBJECTIONS TO DSMO NO. 56

R. Civ. P. 33(d) in Aetna's original response, Katz is uncertain what Aetna hopes to gain from its Objections here. Outside of opposing the sanctions order, Aetna makes no complaint in its Objections that Special Master Quinn's Order requiring a supplemental response to Interrogatory No. 24 was improper or erroneous.

In any event, the language of Interrogatory 24 is clear and Aetna's 33(d) designation to documents provided Katz virtually no insight into the day to day relationship between Aetna and Pharmacare regarding the Aetna Rx Home Delivery system. The contracts cited to by Aetna (Exs. B-E of Aetna's Objections) provide incomplete information about Aetna's management or control over the Aetna Rx Home Delivery accused system, making a narrative response necessary for Aetna to actually answer the interrogatory. In its Objections, Aetna cites to sections of the contracts labeled "Change Requests," but even a cursory review of the sections reveals that they are primarily directed to changes in procedures for physically filling prescription drugs, not for making changes to the Aetna Rx Home Delivery accused system. *See* Ex. B to Aetna's Objections at AETNAP117461-462; Ex. C to Aetna's Objections at AETNAP117478. Aetna's narrative response, which Aetna already provided in accordance with DSMO No. 56, was thus necessary for Aetna to respond to Interrogatory No. 24 and allowing Aetna to belatedly withdraw its supplemental response would be prejudicial to Katz.

## V. Conclusion

Aetna's objections to Special Master Quinn's Order No. 56 are wholly unjustified. Therefore, Katz respectfully requests that Aetna's Objections be overruled and the Court Order that DSMO No. 56 be adopted as the Order of this Court regarding Katz's Motion to Compel Further Responses to Discovery Requests.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Case Nos. 07-ML-1816-B RGK (FFMx) and CV 07-2213 RGK (FFMx) — 9. — OPPOSITION TO AETNA DEFENDANTS' OBJECTIONS TO DSMO NO. 56

| | | |
|---|---|---|
| 1 | Dated: June 2, 2008 | COOLEY GODWARD KRONISH LLP<br>LINDA F. CALLISON (167785)<br>PHILLIP E. MORTON (pro hac vice) |
| 2 | | |
| 3 | | |
| 4 | | */s/ Phillip E. Morton*<br>Phillip E. Morton |
| 5 | | Attorneys for Plaintiff<br>Ronald A. Katz Technology Licensing, L.P. |
| 6 | | |

(lines 7–28 blank)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

**Case Nos. 07-ML-1816-B RGK (FFMx) and CV 07-2213 RGK (FFMx)**   10.   **OPPOSITION TO AETNA DEFENDANTS' OBJECTIONS TO DSMO NO. 56**